● DAVID BAUER V. JAMES CASEY.

ORDINANCE PROHIBITING CONVEYANCE THROUGH STREETS OF CONDEMNED FOOD, ETC., VOID, WHEN.

A municipal ordinance which provides that "the· word 'garbage' shall be held to include all refuse of animal and vegetable matter which had been used for food for man, and all refuse animal and vegetable matter which was intended to be so used, and includes condemned food;" that no person other than the city contractor or his agents shall convey through the streets of the city any garbage, dead animals and fish; and that no person shall place any refuse animal and vegetable matter upon any private property whether owned by such person or not contravenes the fourteenth amendment of the constitution of .the United States, and is void as to such provisions.

**Rulison & Heintz,** for plaintiff.

**Conner & Walker** and **Scott Holmes,** for defendant.

**GIFFEN, J.**

The original petition in this case was an application in the court of insolvency for a writ of habeas corpus, the plaintiff in error having been convicted under an ordinance of the city of Cincinnati, and it being alleged as a ground for the issuance of the writ that the ordinance contravened the fourteenth amendment of the constitution of the United States and was therefore void. The court held the ordinance was valid and remanded the prisoner to the custody of the chief of police and that judgment was affirmed by the common pleas court. By this proceeding it is sought to reverse the judgment of the common pleas. The ordi-

nance under which the conviction was held provides "that no other person or party except the city contractor or its agents shall carry, convey, or transport through the streets, alleys, or public places of the city of Cincinnati, any garbage, dead animals, fish and refuse animal and vegetable matter found within the city limits."

Section 2 of the ordinance provides that "the word 'garbage' shall be held to include all refuse of animal and vegetable matter which had been used for food for man, and all refuse animal and vegetable matter which was intended to be so used, and includes condemned food."

The affidavit charges that the plaintiff in error "did unlawfully convey through the streets of the said city of Cincinnati, to wit, Elm street, Plum street and George street, certain garbage; he, the said David Bauer, not being then and there the city contractor for the collection and removal of such garbage, nor the agent of said contractor."

The first two clauses of Sec. 2 may perhaps be limited to such animal and vegetable matter as the owner himself had refused and abandoned. It certainly means that much and perhaps more. When, therefore, the board of legislation added the words "and includes condemned food," they intended to include in the definition of garbage food other than that which the owner himself had abandoned, and that the meaning of such word was food that had been pronounced unfit for use by official authority. The word "condemned" is an apt and appropriate word to express that idea. One of the chief definitions of the word "condemned" given in the standard dictionary is "to pronounce unfit for use, commonly by official action, as the health officer condemned spoiled meat." And, besides, in Sec. 4277 Rev. Stat., it is provided that an inspector of butter, lard, pork, beef, fish and other products may be appointed by the probate judge of the county, and under Sec. 4323 Rev. Stat., it is provided that "When the inspector condemns any of the articles in this chapter enumerated, he shall forthwith, on demand, deliver to the owner thereof, or his agent, a certificate, distinctly setting forth a time, place, and cause of such condemnation, and when any of such articles have been inspected and declared of good quality and merchantable, he shall, on demand as aforesaid, deliver a certificate thereof, for the benefit of the owner thereof."

Nor is there any provision in this chapter for a forfeiture of the articles inspected except Sec. 4322 Rev. Stat., which provides for the forfeiture of one-half the contents of any hogshead, cask, box, or barrel of meat, butter, lard or any other packed article, the tare of which is undermarked. Although condemned by the inspector, it still remains the property of the owner, and has a commercial value for purposes other than

food; and being still the property of the owner, he has the right to make such disposition of it as he may see fit, provided it does not affect the public health or welfare.

A quarter of beef may be condemned as food by the inspector and so branded according to the provision of the statute, and yet have a value for certain purposes to which the owner is entitled to apply it, and if disposed of within a reasonable time, can have no effect upon the health of the community.

The case relied on by the defendant in error, of State v. Orr, 68 Conn. 110 [35 Atl. Rep. 770; 34 L. R. A. 279] is unlike this case in that the definition of garbage and offal, under the ordinance there considered, was declared to be only "such refuse matter as accumulated in the preparation of food for the table," and in the second paragraph of the syllabus "that the term 'refuse matter' as employed in the ordinance, embraced only such matter as was either in fact noxious, or as had been refused and abandoned by its owner as worthless."

If the term "garbage" in the case before us was defined as in that case, then we could not hold otherwise than did the court in that case, and we would be inclined to go further and adopt the last proposition of the syllabus in that case, to wit: "That any occupation comes within the range of the police power, which is such as to be naturally liable to create a nuisance unless subjected to special regulation; whether it be so conducted as in fact to create a nuisance or not."

"Condemned food" which has not been abandoned by the owner and has a commercial value is not liable to create a nuisance, as its very value is an inducement to the owner to apply it to such uses as will develop its real value from which he may realize.

The provision that no person may convey through the streets of the city any dead animals or fish without regard to the cause of death or the purpose for which they are intended to be used is open to the same objection.

If we eliminate the definition of garbage contained in Sec. 2 of the ordinance and that part of Sec. 3 pertaining to removal of dead animals and fish, and that part of Sec. 4 which prohibits any person from placing refuse animal and vegetable matter upon any private property whether owned by such person or not, we would destroy the substance of the ordinance, and cannot say that the board of legislation, with these parts eliminated, would have passed the ordinance; in fact, we think it most probable that it would not have passed it.

We conclude, therefore, that the ordinance under which the plaintiff in error was convicted is void and of no effect, the judgment of the court of common pleas be reversed, and the prisoner be discharged.

Jelke and Swing, JJ., concur.